UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILY BRESLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARMENT OF EDUCATION, *et al.*,<br><br>    Defendants. | Civil Action No. 25-4380 (LLA) |

**ANSWER**

Defendants, the United States Department of Education, and Linda McMahon, in her official capacity as the Secretary of the Department of Education, by and through the undersigned counsel, respectfully submit the following Answer to Plaintiff's Complaint (ECF No. 1) filed on December 15, 2025, in this action under the Administrative Procedure Act ("APA") seeking judicial review to challenge the Department of Education's alleged "failure to credit months of qualifying public service toward Public Service Loan Forgiveness ("PSLF") of Plaintiff's student loans." ECF No. 1 at 1.

Defendants respond to the separately numbered paragraphs (as numbered by Plaintiff) and Plaintiff's prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendants respond to the Complaint in like numbered paragraphs as follows:

## I.    The Parties to this Complaint[1]

### A.    The Plaintiff

1.    Defendants admit Plaintiff is a natural person who owes federal student loans. Defendants currently lack knowledge or information sufficient to form a belief as to the truth of the allegation in the remainder of this paragraph.

### B.    The Defendants

2.    Defendants admit that the United States Department of Education (the "Department") is a federal agency headquartered in Washington, D.C., and that the address listed in this paragraph  is the official address of the Department.  Defendants admit that the Department is responsible for administering federal student loan programs and grant programs in the United States.

3.    Defendants admit that Linda McMahon is the Secretary of Education and has ultimate responsibility for the activities of the Department, and she admits as to maintaining an office at that address.

## II.    Jurisdiction And Venue

4.    Paragraph 4 consists of Plaintiff's conclusion of law to which no response is required.

5.    Paragraph 5 consists of Plaintiff's conclusions of law to which no response is required.

---

[1]    Merely for ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

6.      Paragraph 6 consists of Plaintiff's conclusions of law to which no response is required.

**III.      General Allegations**

7.      Paragraph 7 consists of Plaintiff's conclusions of law and quotations from a statute, to which no response is required.  To the extent a response is required, Defendants aver that the statute is the best evidence of its contents and respectfully refer this Court to that statute for a complete and accurate statement of its contents.

8.      Paragraph 8 consists of Plaintiff's conclusions of law and quotations from a statute, to which no response is required.  To the extent a response is required, Defendants aver that the statute is the best evidence of its contents and respectfully refer this Court to that statute for a complete and accurate statement of its contents.

9.      Paragraph 9 consists of Plaintiff's conclusions of law and quotations from a regulation, to which no response is required.  To the extent a response is required, Defendants aver that the regulation  is the best evidence of its contents and respectfully refer this Court to that regulation for a complete and accurate statement of its contents.

10.      Paragraph 10 consists of Plaintiff's conclusions of law and quotations from a regulation, to which no response is required.  To the extent a response is required, Defendants aver that the regulation is the best evidence of its contents and respectfully refer this Court to that regulation for a complete and accurate statement of its contents.

11.      Paragraph 11 consists of Plaintiff's conclusions of law and quotations from a regulation, to which no response is required.  To the extent a response is required, Defendants aver that the regulation is the best evidence of its contents and respectfully refer this Court to that regulation for a complete and accurate statement of its contents.

12.     Paragraph 12 consists of Plaintiff's conclusions of law and quotations from a regulation, to which no response is required.  To the extent a response is required, Defendants aver that the regulation is the best evidence of its contents and respectfully refer this Court to that regulation for a complete and accurate statement of its contents.

13.     Paragraph 13 consists of Plaintiff's conclusions of law and quotations from a regulation, to which no response is required.  To the extent a response is required, Defendants aver that the regulation is the best evidence of its contents and respectfully refer this Court to that regulation for a complete and accurate statement of its contents.

14.     Paragraph 14 consists of Plaintiff's conclusions of law and quotations from a regulation, to which no response is required.  To the extent a response is required, Defendants aver that the regulation is the best evidence of its contents and respectfully refer this Court to that regulation for a complete and accurate statement of its contents.

15.     Paragraph 15 consists of Plaintiff's conclusions of law and quotations from a regulation, to which no response is required.  To the extent a response is required, Defendants aver that the regulation is the best evidence of its contents and respectfully refer this Court to that regulation for a complete and accurate statement of its contents.

16.     Paragraph 16 consists of Plaintiff's conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the regulation is the best evidence of its contents and respectfully refer this Court to that regulation for a complete and accurate statement of its contents.

17.     Paragraph 17 consists of Plaintiff's conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the referenced regulation is

the best evidence of its contents and respectfully refer this Court to that regulation for a complete and accurate statement of its contents.

18. Paragraph 18 consists of Plaintiff's conclusions of law and quotations from a promissory note, to which no response is required. To the extent a response is required, Defendants aver that the referenced promissory note is the best evidence of its contents and respectfully refer this Court to that document for a complete and accurate statement of its contents.

*A.* *Plaintiff's Employment*

19. Deny. The Department's records show Plaintiff did not have certified employment in a PSLF-qualifying public service job from September 2015 through April 2016.

20. Deny. The Department's records show Plaintiff did not have certified employment in a PSLF-qualifying public service job from September 2015 through April 2016.

21. Admit that Plaintiff submitted a certification from Plaintiff's employer that Plaintiff was employed full-time from June 1, 2024 to July 1, 2025 and Defendants aver that the certification is the best evidence of its contents and respectfully refer this Court to that document for a complete and accurate statement of its contents.

*B.* *MOHELA's Servicing of Plaintiff's Loans in 2023*

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

30.     Admit. Defendants respectfully refer this Court to that email for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

31.     Admit. Defendants respectfully refer this Court to that email for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

32.     Defendants admit that Plaintiff sent a letter to MOHELA on or about June 11, 2024, containing the quoted language.  Defendants respectfully refer this Court to that letter for a complete and accurate statement of its contents..

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

*C. MOHELA's Servicing of Plaintiff's Loans During Its Transition to a New Servicing Platform in June 2024.*

35. Defendants deny as to the date of the letter from MOHELA to Plaintiff on June 11, 2024, but admit there is a June 26, 2024 letter from MOHELA stating, "Effective 06/11/24, your federally-owned loans serviced by MOHELA transitioned to our new student loan servicing platform." Defendants respectfully refer this Court to the June 26, 2024 letter for a complete and accurate statement of its contents.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

37. Admit. Defendants respectfully refer this Court to that letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

43. Admit. Defendants respectfully refer this Court to that letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding MOHELA in this paragraph. The remainder of the allegations in this paragraph reflect Plaintiff's characterization of her student loans in administrative forbearance. To the extent any response is required, Defendants refer the Court to the NSLDS for a complete and accurate statement of its contents and deny any allegations in this paragraph that are inconsistent with that record.

> D.     *SAVE Income-Driven Repayment Plan Litigation*

46.     Paragraph 46 consists of Plaintiff's conclusions of law and quotations from a statute, to which no response is required.  To the extent a response is required, Defendants aver that the statute is the best evidence of its contents and respectfully refer this Court to that statute for a complete and accurate statement of its contents.

47.     Paragraph 47 consists of Plaintiff's conclusions of law and quotations from a statute, to which no response is required.  To the extent a response is required, Defendants aver that the statute is the best evidence of its contents and respectfully refer this Court to that statute for a complete and accurate statement of its contents.

48.     Paragraph 48 consists of Plaintiff's conclusions of law and quotations from a statute, to which no response is required.  To the extent a response is required, Defendants aver that the statute is the best evidence of its contents and respectfully refer this Court to that statute for a complete and accurate statement of its contents.

49.     This paragraph asserts conclusions of law to which no response is required.

50.     Paragraph 50 consists of Plaintiff's conclusions of law and quotations from a regulation, to which no response is required.  To the extent a response is required, Defendants aver that the regulation is the best evidence of its contents and respectfully refer this Court to that regulation for a complete and accurate statement of its contents.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph as to Plaintiff's enrollment date.

52-56.  Defendants admit the allegations in paragraph 52 and, in response to the allegations in the remaining paragraphs, refers the Court to the Complaint in the referenced lawsuit for the claims asserted and relief requested.

57.     Defendants refer the Court to the referenced Eighth Circuit decision for a complete and accurate statement of its contents.

58.     Admit.

59.     Defendants refer the Court to the referenced Eighth Circuit decision for a complete and accurate statement of its contents.

60.     Defendants refer the Court to the referenced Eighth Circuit decision for a complete and accurate statement of its contents.

61.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

3.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

   E.     *Servicing of Plaintiff's Loans During SAVE Plan Litigation*

64.     The allegations in this paragraph reflect Plaintiff's characterization of her student loans in administrative forbearance. To the extent any response is required, Defendants refer the Court to the NSLDS for a complete and accurate statement of its contents and deny any allegations in this paragraph that are inconsistent with that record.

65.     Defendants admit the date of the stay as July 18, 2024, but the remainder of the allegations in this paragraph reflect Plaintiff's characterization of her student loans in administrative forbearance. To the extent any response is required, Defendants refer the Court to the National Student Loan Database System records (NSLDS) for a complete and accurate statement of its contents and deny any allegations in this paragraph that are inconsistent with that record.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

67.     Admit. Defendants aver that the application is the best evidence of its contents and respectfully refer this Court to that document for a complete and accurate statement of its contents.

68.     Admit. Defendants aver that the application is the best evidence of its contents and respectfully refer this Court to that document for a complete and accurate statement of its contents.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

72.  Admit. Defendants aver that the application is the best evidence of its contents and respectfully refer this Court to that document for a complete and accurate statement of its contents.

73.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

74.  Admit.

75.  Admit.

76.  Admit.

77.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

78.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

79.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

80.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

81.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

82.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

83.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding MOHELA in this paragraph. The remainder of the allegations in this paragraph reflect Plaintiff's characterization of her student loans in administrative forbearance. To the extent any response is required, Defendants refer the Court to the NSLDS for a complete and accurate statement of its contents and deny any allegations in this paragraph that are inconsistent with that record.

F.     *Plaintiff's Public Service Loan Forgiveness Application*

92.     Deny as to the July 1, 2025 application date. Defendants admit that the NSLDS reflects that there is an application dated July 12, 2025, but are currently without knowledge or

information to the remainder of the application. Therefore, Defendants respectfully refer this Court to that application for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

93.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph to the extent it references a July 1, 2025 application. Defendants respectfully refer this Court to the July 12, 2025 application for a complete and accurate statement of its contents..

94.    Defendants admit that MOHELA sent a letter to Plaintiff on or about July 20, 2025, and respectfully refer this Court to the letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

95.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

96.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

97.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

98.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

99.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

102.    Defendants admit, and respectfully refer this Court to that letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

103.    Defendants admit, and respectfully refer this Court to that letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

## CAUSES OF ACTION

### COUNT I - 5 U.S.C. 706(2)(A)
### (Arbitrary and Capricious Agency Action and Agency Action Not In Accordance with Law in Violation of Administrative Procedure Act

104.    Defendants incorporate by reference all their responses to these previous paragraphs.

105.    Paragraph 105 consists of Plaintiff's conclusions of law and quotations from a statute, to which no response is required.  To the extent a response is required, Defendants aver that the statute is the best evidence of its contents and respectfully refer this Court to that statute for a complete and accurate statement of its contents.

106.    Paragraph 106 consists of Plaintiff's conclusions of law and quotations from a statute, to which no response is required.  To the extent a response is required, Defendants aver that the statute is the best evidence of its contents and respectfully refer this Court to that statute for a complete and accurate statement of its contents.

107.    This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the Department issued such a letter on that date and respectfully refer this Court to the July 1, 2025 and July 20, 2025 letters from MOHELA for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

108.   This paragraph asserts a conclusion of law to which no response is required.

109-111.   These paragraphs consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny that their actions were unlawful under applicable law; and deny that the Department's decision was arbitrary, capricious, an abuse of discretion, or contrary to law.

## COUNT II - 5 U.S.C. 706(1)
### (Unreasonable Withholding of Action in Violation of Administrative Procedure Act)

112. Defendants incorporate by reference all their responses to these previous paragraphs.

113. This paragraph consists of Plaintiff's conclusions of law and quotations from a statute, to which no response is required. To the extent a response is required, Defendants aver that the statute is the best evidence of its contents and respectfully refer this Court to that statute for a complete and accurate statement of its contents.

114.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and aver that there is an application dated July 12, 2025 in the NSLDS but not one dated July 1, 2025.

115.   Defendants admit Plaintiff was sent a letter from MOHELA on July 1, 2025 and July 20, 2025, but lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and also have no knowledge as to when Plaintiff received the letters.

116.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

117.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

118.    Defendants admit, and respectfully refer this Court to that communication for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

119.    This paragraph consists of Plaintiff's conclusions of law to which no response is required.

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

124.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

125.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

126.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

## PRAYER FOR RELIEF

The remaining portion of Plaintiff's Complaint contains her request for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure,

Defendants assert a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses:

### First Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under 5 U.S.C. § 706(1).

### Second Defense

Defendants' actions were not arbitrary, capricious or contrary to law.

### Third Defense

Plaintiff cannot obtain the requested relief based on arguments or claims that she did not properly present to the agency.

### Fourth Defense

All actions taken by Defendants with respect to Plaintiff were rendered in accordance with law and in good faith and are supported by the administrative record.

### Fifth Defense

Defendants' actions were supported by substantial evidence.

### Sixth Defense

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### Seventh Defense

Plaintiff is neither eligible nor entitled to attorney's fees or costs in this matter.

### Eighth Defense

Plaintiff is not entitled to expenses pursuant to 28 U.S.C. §2412(d)(1).

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the acts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation. Defendants do not assume the burden of proving any of the above defenses where the burden is properly placed on Plaintiff as a matter of law.

Date:   April 27, 2026

                                    Respectfully submitted,

                                    JEANINE FERRIS PIRRO
                                    United States Attorney

                                    By:      /s/ Samantha-Josephine Baker
                                    SAMANTHA-JOSEPHINE BAKER
                                    FL Bar #105714
                                    Assistant United States Attorney
                                    601 D Street, NW
                                    Washington, DC 20530
                                    Tel: (202) 252-2435
                                    Samantha-Josephine.Baker@usdoj.gov

                                    *Attorney for the United States of America*

- 18 -