UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| EMILY BRESLIN, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-4380 (LLA) |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION | ) | |
| and LINDA MCMAHON, *in her official capacity as* | ) | |
| *Secretary of Education*, | ) | |
|       Defendants. | ) | |
| | ) | |

## <ins>PLAINTIFF'S MOTION FOR AN ORDER REQUIRING DEFENDANTS TO COMPLETE THE ADMINISTRATIVE RECORD</ins>

This is an action under the Administrative Procedure Act seeking judicial review of the denial of Plaintiff's application for Public Service Loan Forgiveness of her student loans. The Defendants have filed a certified index of the administrative record and provided it to Plaintiff, but it omits documents that were before the agency when it made its decision. It also does not contain the documents necessary to understand the basis for the decision. Plaintiff respectfully requests that the Court order the Defendants to complete the record with the entire Public Service Loan Forgiveness application that was before the agency when it made its decision. Plaintiff also respectfully requests that the Court order the Defendants to complete the record with the month-by-month payment history that the Department of Education's Office of Federal Student Aid maintains and provides to Plaintiff in her StudentAid.gov loan account portal.

**<ins>Pursuant to Local Civil Rule 7(m), Plaintiff conferred with opposing counsel before filing this motion. The Defendants do not oppose supplementation of the administrative record with these documents.</ins>** However, they have requested that Plaintiff generate the payment

history for inclusion in the administrative record. Because the records are generated and maintained by the Defendants, Plaintiff respectfully submits that production by the Defendants is the most efficient means of ensuring an accurate and complete administrative record.

## Background

Congress created the Public Service Loan Forgiveness program to "encourage individuals to enter and continue in full-time public service employment." 34 C.F.R. § 685.219(a). The statute implementing the program requires the Department of Education (the "Department") to forgive the balance of a borrower's student loans after the borrower makes 120 qualifying monthly payments while working full-time for an eligible public service employer. 20 U.S.C. § 1087e(m). The Department has promulgated regulations governing the program, including regulations determining when a borrower "will be considered to have made monthly payments." 34 C.F.R. § 685.219(c)(2).

The Department denied Plaintiff's application because it determined she had not accumulated 120 qualifying payment months. *See* Declaration of Emily Breslin (the "Breslin Decl.") Ex. 7. To review the Department's denial of the application, the Court should have the entire application that Plaintiff submitted to the Department in front of it. *See* Breslin Decl. ¶ 2, Ex. 1. The Court should also have the Department's reasoning for denying the application, which is not apparent from the administrative record but is clearly presented in the information the Department's Office of Federal Student Aid website provides to Plaintiff in her StudentAid.gov portal. *See* Breslin Decl. ¶ 10, Ex. 6.

## Legal Standard

In a proceeding seeking judicial review of agency action under the Administrative Procedure Act, "the court shall review the whole record or those parts of it cited by a party, and

due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706. The "whole record" refers to "the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419-420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). "If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). A party may seek to complete the record with "evidence that should have been properly a part of the administrative record but was excluded by the agency." *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 77 (D.D.C. 2018).

Additionally, a party may seek to supplement the record where "there was such failure to explain administrative action as to frustrate effective judicial review." *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973). "When the record is inadequate, a court may 'obtain from the agency . . . such additional explanation of the reasons for the agency decision as may prove necessary.'" *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981) (quoting *Camp*, 411 U.S. at 143). "The new materials should be merely explanatory of the original record and should contain no new rationalizations." *Id.*

<u>**Argument**</u>

**I.**     <u>**The Court should order the Defendants to complete the administrative record with Plaintiff's entire Public Service Loan Forgiveness application package.**</u>

In July 2025, Plaintiff submitted a 32-page package consisting of the three-page form Public Service Loan Forgiveness ("PSLF") application and a detailed letter and supporting materials making her case for loan forgiveness. Breslin Decl. ¶¶ 2-7, Exs. 1-3. The administrative record contains the three-page form application Plaintiff submitted. However, it does not contain the other 29 pages of the application package consisting of Plaintiff's letter and

3

supporting materials. The letter and supporting materials were indisputably before the

Department when it denied Plaintiff's PSLF application. They should be before the Court when

the Court reviews the denial of the application. Plaintiff respectfully requests that the Court order

the Defendants to complete the administrative record with Plaintiff's entire application package.

II.     **The Court should order the Defendants to complete the administrative record with the PSLF payment history data from Plaintiff's StudentAid.gov account.**

The Department's July 2025 letter confirming receipt of Plaintiff's PSLF application

advised her to log in to her StudentAid.gov account "[t]o view updates with your certified

employment and PSLF payment history." Breslin Decl. ¶ 9, Ex. 5. The Department provides a

clear month-by-month breakdown in Plaintiff's StudentAid.gov online portal showing which

months it counted toward Public Service Loan Forgiveness and which months it did not. *See,*

*e.g.*, Breslin Decl. ¶ 10, Ex. 6. The breakdown also states the reasoning behind the Department's

determination that certain months were ineligible for PSLF. *See id.* The screenshot below is an

example of the Department's determination that the month of June 2025 was "Ineligible" for

Public Service Loan Forgiveness and the reason for this status was "Forbearance on Due Date":



*See id.* Although the Department possessed this information when it denied Plaintiff's PSLF application, the administrative record does not contain the information. Plaintiff respectfully requests that the Court order the Defendants to complete the administrative record with the Department's month-by-month PSLF payment history records and eligibility determinations.

III. **Alternatively, the Court should order the Defendants to supplement the administrative record with the PSLF payment history data from Plaintiff's StudentAid.gov account.**

In the alternative, Plaintiff requests that the Court order the Defendants to supplement the administrative record with the Department's month-by-month PSLF loan payment history records and eligibility determinations. Neither the letter denying Plaintiff's PSLF application nor anything else in the administrative record explains the denial of Plaintiff's PSLF application in a way that would permit judicial review. *See* Breslin Decl. Ex. 7 (letter denying application). A student loan borrower is statutorily entitled to Public Service Loan Forgiveness once the borrower reaches 120 months of qualifying payments or payment equivalents. Meaningful review of the denial of Plaintiff's application requires an explanation of how the agency treated each individual month to arrive at its count of qualifying payments. The current administrative record does not contain this information. However, the information available on Plaintiff's StudentAid.gov account does. Plaintiff respectfully requests that the Court order the Defendants to supplement the administrative record with the Department's month-by-month PSLF payment history records and eligibility determinations.

For these reasons, Plaintiff respectfully requests that the Court:

(1) Order the Defendants to complete the administrative record with the entire Public Service Loan Forgiveness application package received from Plaintiff in July 2025;

(2) Order the Defendants to complete or supplement the administrative record with the

month-by-month Public Service Loan Forgiveness loan payment history data maintained by the Department's Office of Federal Student Aid and reflected in Plaintiff's StudentAid.gov account, including the eligibility determination for each month and stated reason for the eligibility determination for each month; and

(3) Award any other relief the Court deems just and proper.

Dated: June 10, 2026

Respectfully submitted,

 /s/ Emily Breslin

Emily Breslin
emilycb913@gmail.com
Address and phone number at ECF No. 2
(pursuant to Local Civil Rule 5.1(c)(1))

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| EMILY BRESLIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-4380 (LLA) |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION | ) | |
| and LINDA MCMAHON, *in her official capacity as* | ) | |
| *Secretary of Education*, | ) | |
| Defendants. | ) | |
| | ) | |

### [PROPOSED] ORDER

Upon consideration of Plaintiff's Motion for an Order Requiring Defendants to Complete the Administrative Record, it is hereby

**ORDERED** that the Motion is **GRANTED**. It is further

**ORDERED** that within 14 days of this Order, Defendants complete the administrative record with:

(1) the entire Public Service Loan Forgiveness application package they received from Plaintiff; and

(2) the month-by-month Public Service Loan Forgiveness payment history data reflected in Plaintiff's StudentAid.gov account, including the eligibility determination for each month and stated reason for the eligibility determination for each month.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date: _____