UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILY BRESLIN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARMENT OF EDUCATION, *et al*.,<br><br>Defendants. | Civil Action No. 25-4380 (LLA) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S AMENDED MOTION FOR AN ORDER REQUIRING DEFENDANTS TO COMPLETE THE ADMINISTRATIVE RECORD**

Defendants, the United States Department of Education, and Linda McMahon, in her official capacity as the Secretary of the Department of Education, by and through the undersigned counsel, respond to the Plaintiff's Amended Motion for an Order Requiring Defendants to Complete the Administrative Record (ECF No. 25) filed on September 25, 2026, seeking an order from the Court compelling Defendants to "(1) include in the administrative record the additional PSLF loan history document, the explanatory information concerning Defendants' internal codes, and Plaintiff's complete PSLF application package; and (2) order Defendants to further complete and supplement the administrative record or certify that these documents complete the record." (ECF No. 25). Defendants respond to the Motion as follows:

**Background**

Plaintiff submitted a Public Service Loan Forgiveness ("PSLF") application on July 1, 2025. ECF No. 14, Breslin 000163-000165. Defendants provided Plaintiff with an update on her progress towards PSLF on July 12, 2025, indicating that she had 109 qualifying payments. ECF No. 14, Breslin 000166-000167.

Plaintiff filed this lawsuit on December 15, 2025, seeking review of Defendant's determination that she did not have the 120 qualifying payments necessary for PSLF under the Administrative Procedure Act. ECF No. 1. Defendants filed an answer on April 27, 2026. ECF No. 11. Defendants provided the administrative record and a Certification of Administrative Record on May 27, 2026, stating that the administrative record contained all documents considered by the Defendants when making its decision on Plaintiffs PSLF application. ECF Nos. 14, 14-1.

Plaintiff then filed a Motion for an Order Requiring Defendants to Complete the Administrative Record ("Motion to Complete the Record") on June 10, 2026. ECF No. 15. The parties filed a Joint Motion to Stay Summary Judgment Briefing Pending Resolution of Plaintiff's Motion (ECF No. 15) because they were discussing a potential stipulation to resolve Plaintiff's Motion to Complete the Record. ECF No. 17. Plaintiff and Defendants were unable to reach a stipulation to resolve Plaintiff's Motion to Complete the Record in whole or in part. ECF No. 23.

**Legal Standard**

In a proceeding seeking judicial review of agency action under the Administrative Procedure Act, "the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706. The "whole record" refers to "the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419-20 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

The administrative record "should not include materials that were not considered by agency decisionmakers." *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006). "Limiting review of the administrative record to only what the agency decisionmakers directly or indirectly considered is important. A broad application of the

phrase 'before the agency' would undermine the value of judicial review . . . ." *Id.* at 5.

**Argument**

## I. THE ADMINISTRATIVE RECORD CONTAINS THE ENTIRETY OF THE DOCUMENTS CONSIDERED BY THE DEFENDANTS WHEN THEY TOOK FINAL AGENCY ACTION.

Defendants included in the administrative record all documents considered when making their decision that Plaintiff did not meet the necessary criteria to receive PSLF. The administrative record is limited to the documents that were before an agency at the time it made its decision. *Citizens to Preserve Overton Park, Inc.*, 401 U.S. at 419-20. An administrative record should not include documents not considered by agency decision makers because to require otherwise would undermine judicial review. *Pac. Shores Subdivision, Cal. Water Dist.*, 448 F. Supp. 2d at 4. Plaintiff's requests for a month-by-month PSLF loan payment history, explanatory information about fine-grain forbearance type codes, and her complete July 1, 2025, PSLF application package, requests materials be added to the administrative record that were not considered by Defendants.

The administrative record already contains a breakdown of PSLF Loan Details for all of Plaintiff's eight student loans indicating the number of qualifying payments Plaintiff has towards forgiveness. Breslin 000001-Breslin 000039. Adding a monthly list of each one of her payments for all of Plaintiff's student loans would display information that informs the total number of qualifying payments Defendants calculated, but it is the overall number of qualifying payments Defendants relied on when making their PSLF determination. Additionally, the fine grain forbearance type codes were not materials relied on by Defendants because those are only classifications of forbearance types not the basis for forbearance. The basis for the classification of forbearance and whether that forbearance is eligible for PSLF are federal regulations.

The remainder of Plaintiff's July 1, 2025, PSLF application beyond that which was already provided in the administrative record, Breslin 000163-Breslin 000165, were not documents

considered by the agency because they did not have any bearing on the PSLF qualifying payment amount. Defendants calculated Plaintiff's qualifying payment count using materials already present in the administrative record. The certified administrative record contains all PSLF documents in the Defendants' possession and the addition of more materials that Defendants did not consider would undermine judicial review.

For the reasons stated above, Defendants respectfully request that the Court:

Deny Plaintiff's Amended Motion for an Order Requiring Defendants to Complete the Administrative Record (ECF No. 25).

Date: October 9, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Samantha-Josephine Baker
SAMANTHA-JOSEPHINE BAKER
FL Bar #105714
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Tel: (202) 252-2435
Samantha-Josephine.Baker@usdoj.gov

*Attorney for the United States of America*