UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILY BRESLIN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>Defendants. | Civil Action No. 25-4380 (LLA) |

**REPLY IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR AN ORDER REQUIRING DEFENDANTS TO COMPLETE THE ADMINISTRATIVE RECORD**

Plaintiff filed an Amended Motion for an Order Requiring Defendants to Complete the Administrative Record on September 25, 2026. ECF No. 25. The Amended Motion requested "that the Court (1) include in the administrative record the additional PSLF [Public Service Loan Forgiveness] loan history document, the explanatory information concerning Defendants' internal codes, and Plaintiff's complete PSLF application package; and (2) order Defendants to further complete and supplement the administrative record or certify that these documents complete the record." *Id.* at 2. Despite having previously agreed to inclusion of Plaintiff's entire PSLF application and a month-by-month payment history in the administrative record,[1] Defendants now oppose this relief. ECF No. 27. They also oppose Plaintiff's request to include the additional explanatory information. *Id.* Plaintiff replies to Defendants' arguments as follows.

[1] On June 5, 2026, Defendants' counsel represented to Plaintiff that the Department of Education "does not oppose" supplementation of the record with Plaintiff's "entire 32-page Public Service Loan Forgiveness application faxed to the agency on July 1, 2025 and also mailed to the agency" and the "month-by-month Public Service Loan Forgiveness payment history data maintained by the agency and shown in [Plaintiff's] StudentAid.gov account." *See* Third Declaration of Emily Breslin ¶ 3, Ex. 1.

## Argument

Plaintiff is challenging Defendants' failure to count eleven specific months toward PSLF when they denied her application for student loan forgiveness. To determine whether the failure to count these months and consequent denial of the application was lawful, the Court must be able to discern which months Defendants counted toward PSLF and which months they did not count. The Court must also be able to discern sufficient facts about the status of Plaintiff's loans during the eleven months at issue to determine whether Defendants acted lawfully in determining that the months did not count toward PSLF under the applicable regulation. *See* 34 C.F.R. § 685.219(c)(2) (defining when "a borrower will be considered to have made monthly payments"). None of this is evident from the current certified administrative record.

### I. The Court should require Defendants to complete the administrative record with the items they directly or indirectly considered in denying Plaintiff's PSLF application.

To review the denial of Plaintiff's PSLF application, the Court "should have before it neither more nor less information than did the agency when it made its decision." *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). The Plaintiff's PSLF Loan History and complete application were before Defendants when they denied her application. They should be before the Court when the Court reviews the denial.

#### A. The Court should include the PSLF Loan History in the administrative record.

The certified administrative record currently contains Defendants' final PSLF payment count. *See* Third Declaration of Emily Breslin ¶ 4, Ex. 2. Defendants oppose inclusion in the administrative record of their own records that they provided to Plaintiff during this litigation demonstrating how they reached that payment count. As Defendants correctly state, "[a]dding a monthly list of each one of her payments for all of Plaintiff's student loans would display

information that informs the total number of qualifying payments Defendants calculated." ECF No. 27 at 3. This is precisely why the loan history records are relevant for judicial review. Where "the raw data itself is at issue and was directly considered, analyzed, or manipulated by the agency in the course of reaching its decision, that raw or underlying data is 'properly considered part of the administrative record.'" *Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 151 F. Supp. 3d 1, 23 (D.D.C. 2015) (quoting *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, 2007 WL 3049869, at *4 (N.D. Cal. Oct. 18, 2007)). The raw data underlying Defendants' PSLF qualifying month count is what is at issue here. Defendants directly considered Plaintiff's payment history data, that is, counted up months, to arrive at a total count of qualifying months.

Plaintiff asserts that Defendants unlawfully declined to count toward PSLF eleven specific months during which they unilaterally took her student loans out of repayment, placed them in administrative forbearance, and failed to return them to repayment despite multiple requests by Plaintiff. On the current certified administrative record, Defendants could avoid review of their denial of Plaintiff's PSLF application by responding that there is nothing showing that they did not include these specific months in their ultimate payment calculation. The PSLF Loan History is necessary to show that Defendants determined the months at issue were ineligible for PSLF.

Because Defendants directly or indirectly considered the PSLF Loan History when reviewing Plaintiff's application, it is part of the "whole record." As such, Defendants should have included it in the administrative record in the first place. The record should thus be completed or supplemented with the PSLF Loan History. If the Court concludes that the PSLF Loan History was not part of the "whole record," Plaintiff respectfully requests that the Court

consider it as extra record evidence because the record is so bare as to frustrate effective judicial review. *See Camp v. Pitts*, 411 U.S. 138, 142-43 (1973).

**B. <u>The Court should include Plaintiff's entire PSLF application package in the administrative record</u>.**

Despite having previously agreed to the inclusion of Plaintiff's entire PSLF application in the record, *see supra* note 1., Defendants now oppose its inclusion because the materials included as part of the application "were not documents considered by the agency because they did not have any bearing on the PSLF qualifying payment amount." ECF No. 27 at 3-4. However, an agency may not "exclude information on the grounds that it did not 'rely' on the excluded information in its final decision." *Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 55 (D.D.C. 2003). The fact that Defendants did not base their decision on the materials Plaintiff submitted is no reason to exclude the materials from the record. An agency "may not skew the record in its favor by excluding pertinent but unfavorable information." *Id.*; *see also Heckler*, 749 F.2d at 792 (reviewing "less than the full administrative record might allow a party to withhold evidence unfavorable to its case").

In arguing that they did not "consider" the supporting materials submitted as part of Plaintiff's PSLF application, Defendants cite *Pacific Shores Subdivision California Water District v. United States Army Corps of Engineers*, 448 F. Supp. 2d 1 (D.D.C. 2006). In that case, the court determined that the plaintiffs had failed to show that the documents they sought to have included in the administrative record "were ever before the permit decisionmaker(s)." *Id.* at 7. Instead, they merely implied that the documents were in the agency's possession because they had obtained some of the documents through Freedom of Information Act requests. *Id.* They did not produce any evidence that the agency decisionmaker(s) were actually aware of the

documents. *Id.* They did not "describe when the documents were presented to the agency, to whom, and under what context." *Id.*

Unlike *Pacific Shores*, this is not a case where Plaintiff is seeking inclusion in the administrative record of an obscure document that may or may not have ever been in the possession of an agency decisionmaker. Plaintiff is seeking the inclusion of her actual PSLF application itself. She has concretely "describe[d] when the documents were presented to the agency, to whom, and under what context": Plaintiff faxed and mailed the materials as a package with her PSLF application form. *See* Declaration of Emily Breslin ¶¶ 2-7, Exs. 1-3 (ECF Nos. 16, 16-1, 16-2, 16-3). Defendants denied the application; therefore, the package Plaintiff submitted reached the relevant decisionmaker(s). These are "reasonable, non-speculative grounds for [Plaintiff's] belief that the documents were considered by the agency and not included in the record."

Because the agency directly or indirectly considered the supporting materials Plaintiff included with her PSLF application when reviewing the application, the materials are part of the "whole record." As such, Defendants should have included them in the administrative record in the first place. The record should be completed or supplemented with the materials. If the Court concludes that the materials were not part of the "whole record," Plaintiff respectfully requests that the Court consider the materials as extra record evidence because the agency "deliberately or negligently excluded" them as "documents that may have been adverse to its decision." *See Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008) (quoting *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996)).

## II. <u>The Court should include Defendants' explanation of their internal codes in the administrative record</u>.

When there is "such failure to explain administrative action as to frustrate effective judicial review," a court may obtain "such additional explanation of the reasons for the agency decision as may prove necessary." *Pitts*, 411 U.S. at 142-43. In addition to there being nothing in the current record that shows which months Defendants counted toward PSLF and which months they did not count, there is also no information that would permit a determination of whether Defendants' failure to count specific months was lawful. Defendants oppose including in the administrative record definitions of their internal codes that they provided to Plaintiff on the grounds that they "were not materials relied on by Defendants because those are only classifications of forbearance types not the basis for forbearance." ECF No. 27 at 3. However, there is "such failure to explain administrative action as to frustrate effective judicial review" in this case that the record ought to also include this explanatory information. *See Pitts*, 411 U.S. at 142-43.

The current record contains charts like the following for each of Plaintiff's loans, *e.g.* Breslin 000042:

Forbearance

| Start Date | End Date | Type | Fine-grain Forbearance Type Code |
|---|---|---|---|
| 11/01/2025 | 01/19/2026 | DC-Discretionary | DC01 |
| 07/20/2025 | 10/31/2025 | AD-Administrative | AD00 |
| 07/01/2025 | 07/19/2025 | AD-Administrative | AD14 |
| 11/23/2024 | 06/30/2025 | AD-Administrative | AD00 |
| 09/23/2024 | 11/22/2024 | AD-Administrative | AD14 |
| 06/11/2024 | 09/22/2024 | AD-Administrative | AD00 |

Including the codes provides some information about which months Defendants counted toward PSLF and which months they did not count. In particular, the explanatory information about the codes states that "AD00" is "Ineligible for PSLF credit" and "AD14" is "Eligible for PSLF credit." Second Declaration of Emily Breslin ¶ 3, Ex. 1 (ECF Nos. 26, 26-1). Because the codes provide some explanatory information behind the denial of Plaintiff's PSLF application, they should be included in the record.

## III. **The Court should require the Defendants to provide additional explanatory information.**

Even if the Court were to include the PSLF Loan History and internal code explanatory information in the administrative record, the record still would not contain sufficient information to permit the Court to determine whether Defendants acted lawfully in denying Plaintiff's PSLF application when they declined to count the eleven months at issue toward PSLF. The PSLF Loan History shows that Defendants did not count the eleven specific months at issue toward PSLF. The certified administrative record, if elucidated by the definition of the "Fine-grain Forbearance Type Codes," shows that during these eleven months, Plaintiff's loans were in "Administrative forbearance classification when it does not fall into any of the other Administrative Forbearance Types." However, nothing in the administrative record provides information about the reason for the forbearances at issue that permits a determination of whether Defendants lawfully excluded these months from the PSLF payment count or not.

Plaintiff thus requested that the Court require Defendants to provide such explanatory information by providing records of the factual reasons Plaintiff's loans were in forbearance so that the Court can determine whether Defendants acted lawfully in determining that the months did not count toward PSLF under the applicable regulation. Plaintiff's request could be narrowed to requiring Defendants to answer the following question about the months designated on the

PSLF Loan History as "Ineligible" for the "PSLF Ineligible Payment Reason" of "08 - undefined" in compliance with Rule 33 of the Federal Rules of Civil Procedure:

> For each of the following months, state the reason you and/or your agent(s), including but not limited to loan servicer MOHELA, placed Plaintiff's student loans in forbearance or maintained them in forbearance for the duration of that particular month: June 2024, July 2024, August 2024, September 2024, December 2024, January 2025, February 2025, March 2025, April 2025, May 2025, and June 2025.

## Conclusion

Plaintiff is challenging Defendants' denial of her PSLF application due to their determination that she had not reached 120 PSLF-qualifying months. In particular, she is challenging their failure to count eleven specific months toward PSLF. The certified administrative record currently contains no information about what months Defendants counted toward PSLF. It contains no factual information permitting a determination of whether the decision not to count the months at issue was lawful under the applicable regulation. It does not even contain the complete PSLF application Plaintiff submitted to Defendants. Not only have Defendants not included the "whole" record as the certified administrative record, the record is currently so bare as to frustrate judicial review entirely.

Accordingly, Plaintiff respectfully requests that the Court include in the administrative record (1) her PSLF Loan History (ECF No. 26-3); (2) Defendants' explanation of their internal codes (ECF No. 26-1); and (3) her entire PSLF application package (ECF No. 16-1). Plaintiff also respectfully requests that the Court require Defendants to answer the following question in compliance with Rule 33 of the Federal Rules of Civil Procedure within 30 days or such shorter time as the Court may order:

> For each of the following months, state the reason you and/or your agent(s), including but not limited to loan servicer MOHELA,

placed Plaintiff's student loans in forbearance or maintained them in forbearance for the duration of that particular month: June 2024, July 2024, August 2024, September 2024, December 2024, January 2025, February 2025, March 2025, April 2025, May 2025, and June 2025.

Dated: October 16, 2026

Respectfully submitted,

/s/ *Emily Breslin*

Emily Breslin
emilycb913@gmail.com
Address and phone number at ECF No. 2
(pursuant to Local Rule 5.1(c)(1))
*Plaintiff*